UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:16-CV-00189-DJH

**AUTO-OWNERS INSURANCE,**
**ANGELA BURTON, and JENNIFER HELTON**                               PLAINTIFFS

V.

**PAUL ASPAS, LANDSTAR INWAY, INC.,**
**and VALLEY TIRE COMPANY**                                            DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Two motions are currently before the Court. First, Plaintiff Auto-Owners Insurance Company seeks leave to file its First Amended Complaint, to correct its name and add defendants. (DN 58). Defendants did not respond. Second, Plaintiffs Angela Burton and Jennifer Helton seek leave to file their Second Amended Complaint, to add claims of gross negligence in hiring and supervision and punitive damages. (DN 60). Defendants responded in opposition. (DN 68). These matters are ripe for adjudication.

### Background

In January of 2014, Plaintiffs Angela Burton ("Burton") and Jennifer Helton ("Helton") were traveling in a vehicle on I-65 South when the tires from Defendant Paul Aspas' ("Aspas") semi-tractor truck came off his trailer and struck Burton's vehicle. (DN 1-2, Complaint at ¶¶ 7-9; Answer at ¶ 9). Two years later, Plaintiffs Burton and Helton filed a Complaint in Hardin County Circuit Court alleging claims of negligence against Aspas and his employer, Landstar Inway, Inc.

("Landstar"). (*Id.* Complaint at ¶ 5). Plaintiff Auto-Owners Insurance Company ("Auto-Owners Insurance") also filed a Complaint against Aspas pertaining to the same motor-vehicle accident. (DN 1-2, Complaint at ¶¶ 5-6; Motion to Transfer at ¶ 2). The Hardin County Circuit Court consolidated the Plaintiffs' cases. (DN 1-2, Agreed Order to Consolidate).

Defendants Aspas and Landstar timely removed the action to this Court under diversity jurisdiction, 28 U.S.C. § 1332, on March 29, 2016. (DN 1). In August of 2016, Burton and Helton were granted leave to file their First Amended Complaint to add Valley Tire Company ("Valley Tire") as a defendant. (DN 18; DN 19). Valley Tire replaced and installed the tires on Aspas' tractor-trailer on the day before the accident. (DN 19, at ¶ 15). Now, Plaintiff Auto-Owners Insurance seeks leave to file their first amended complaint (DN 58), and Plaintiffs Burton and Helton seek leave to file their second amended complaint (DN 60).

Standard of Review

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that leave to amend a pleading should be "freely given when justice so requires." *Birchwood Conservancy v. Webb*, 302 F.R.D. 422, 424 (E.D. Ky. 2013) (Fed.R.Civ.P. 15(a)(2)). A district court has "considerable discretion" in deciding whether to grant a motion to amend. *See Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (citing *Morse v. McWhorter*, 290 F.3d 795, 799 (6th Cir. 2002)). In light of this liberal view, a motion to amend a pleading, "should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (citing *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)).

A proposed amendment to a pleading is futile if the amendment "could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 410 (6th Cir. 2000). In order to survive a motion to dismiss, the pleading "must contain sufficient factual matter, accepted as true to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Bel Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a district court must "(1) view the complaint in the light most favorable to the plaintiff and (2) take all well pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)).

<u>Auto-Owners Insurance's First Motion to Amend</u>

Auto-Owners Insurance specifically wants to correct its party-name to "Owners Insurance Company" and wants to add Valley Tire, Landstar, and Old Republic Insurance Co. ("Old Republic") as defendants to its existing claims. (DN 58). As noted above, Valley Tire and Landstar are already named as Defendants in this action. Old Republic, however, is not currently a named defendant in this case. Auto-Owners Insurance's First Motion to Amend was timely filed on February 1, 2017, in accordance with the parties' Amended Scheduling Order for filing "motions to amend pleadings and/or join parties[.]" (DN 31). Because Defendants did not respond and did not show that amendment would be prejudicial, the Court finds the ends of justice favor granting Auto-Owners Insurance's motion.

## Burton and Helton's Second Motion to Amend

Burton and Helton currently seek leave to add claims of gross negligence against Valley Tire. (DN 60-1, at ¶¶ 20-22). To summarize, Burton and Helton allege that Valley Tire was grossly negligent in the hiring, staffing, training, and supervision of its employees, servants, and agents, and consequently they are entitled to punitive damages. (*Id.*). Valley Tire's response separates these proposed allegations into three claims: negligent hiring, negligent supervision, and punitive damages, and argues amendment would be futile. (DN 68, at pp. 2-4).

To establish a claim of negligent hiring under Kentucky law a plaintiff must meet two elements: "(1) the employer knew or reasonably should have known that the employee was unfit for the job for which he was employed, and (2) the employee's placement or retention at that job created an unreasonable risk of harm to the plaintiff." *Stalbosky v. Belew*, 205 F.3d 890, 894 (6th Cir. 2000) (citing *Oakley v. Flor-Shin, Inc.*, 964 S.W.2d 438, 442 (Ky. Ct. App. 1998)). Whereas, a negligent supervision claim requires a plaintiff prove the employer was "negligent or reckless . . . in the employment of improper persons or instrumentalities in work involving risk of harm to others : in the supervision of the activity . . ." *Dempsey v. City of Lawrenceburg*, 2010 WL 3825 473, at *7 (E.D. Ky. Sept. 23, 2010) (quoting Restatement (Second) of Agency § 213)); *see also Smith v. Isaacs*, 777 S.W.2d 912 (Ky. 1989).

Here, Burton and Helton have made no factual allegations in their proposed amended complaint to establish the elements of either a negligent hiring or negligent supervision claim. Although their "motion" refers to the tire-tech's deposition testimony that he was a brand new hire and "had a history of driving under the influence" (DN 60, at p. 2), their "proposed amended complaint" does not include these factual allegations. Likewise, their motion discusses that the

tire-tech had not been properly trained, that he should not have been alone servicing the tires of the trailer involved in the accident, and that he was not aware of the safety standards required for the maintenance (DN 60, at pp. 2-3), but these factual allegations are not included in the proposed amended complaint. Instead, their proposed amended complaint rests solely on bare assertions that Valley Tire was negligent in hiring and supervising its agents, servants, and employees. Because these allegations are "devoid of 'further factual enhancement[,]'" they cannot survive a motion to dismiss and amendment would be futile. *Cambron v. RK Shows, Inc.*, 3:14-CV-00368-TBR, 2014 WL 3419128, at *5 (W.D. Ky. July 14, 2014) (quoting *Twombly*, 550 U.S. at 557).

The same is true for Burton and Helton's proposed claims of gross negligence and proposed relief of punitive damages. Pursuant to KRS § 411.184(2), punitive damages are available "if a plaintiff proves by clear and convincing evidence that a defendant acted with fraud, oppression, or malice." *Turner v. Werner Enterprises, Inc.*, 442 F. Supp. 2d 384, 385 (E.D. Ky. 2006). In addition, the Kentucky Supreme Court has found that "notwithstanding the statute, punitive damages are still available" if gross negligence is proven. *Id.* (citing *Williams v. Wilson*, 972 S.W.2d 260, 262-65 (Ky. 1998)). The prevailing standard for gross negligence in Kentucky is defined as "wanton or reckless disregard for the safety of other persons." *Kinney v. Butcher*, 131 S.W.3d 357, 359 (Ky. Ct. App. 2004). It is not necessary that the jury find the Defendants acted with express malice, but, rather, "it is possible that a certain course of conduct can be so outrageous that malice can be implied from the facts of the situation." *Id.* (citing *Phelps v. Louisville Water Co.*, 103 S.W.3d 46, 52 (Ky. 2003)).

Burton and Helton do no more than nominally mention "gross negligence" and "punitive damages." They put forth no facts to support that Tire Valley had "wanton or reckless disregard for

5

the safety of other persons" or that Tire Valley's course of conduct was outrageous. Amendment to add these allegations, therefore, would be futile.

ORDER

**IT IS HEREBY ORDERED** that Auto-Owners Insurance's First Motion to Amend Complaint (DN 58) is **GRANTED.**

**IT IS FURTHER ORDERED** that Burton and Helton's Second Motion to Amend Complaint (DN 60) is **DENIED**.

Copies:   Counsel of Record