UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

AUTO-OWNERS INSURANCE, et al.,                                              Plaintiffs,

v.                                                              Civil Action No. 3:16-cv-189-DJH-DW

PAUL ASPAS, et al.,                                                          Defendants.

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Angela Burton, the sole remaining plaintiff in this matter, claims she was injured when her car was struck on the interstate by tires that had come off a semi-tractor trailer traveling on the same highway. The tires had been serviced the day before by an employee of Valley Tire Co., the sole remaining defendant in this case. (Docket No. 19) Valley Tire admits that its employee was negligent. (*See, e.g.*, D.N. 96, PageID # 406) Burton seeks leave to file a third amended complaint against Valley Tire to add claims of negligent and grossly negligent supervision, as well as a demand for punitive damages.[1] (*See id.*; D.N. 93-1) Valley Tire opposes Burton's motion for leave to amend, arguing that the request is untimely and that the proposed amendments are futile in any event. (D.N. 96) For the reasons explained below, the Court deems the motion timely filed, and the motion will be granted in part and denied in part.

**I.       Timeliness of Motion for Leave to Amend**

Valley Tire first contends that Burton's motion should be denied as untimely. It points out that the deadline to amend pleadings was February 1, 2017, and that the Court's February 24,

---

[1] Although the proposed Third Amended Complaint also contains claims by Plaintiff Jennifer Helton (Burton's passenger) and against Defendants Paul Aspas (the truck driver) and Landstar Inway, Inc. (Aspas's employer), those parties have been dismissed via settlement, as have Plaintiff Auto-Owners Insurance and Defendant Old Republic Insurance Company. (*See* D.N. 114; D.N. 117; D.N. 123)

1

2017 Order amending the litigation schedule stayed only "remaining" deadlines, thus excluding the already-passed deadline to amend. (D.N. 96, PageID # 404; *see* D.N. 63) Burton maintains that the February 1 deadline was no longer in effect and that even if it was, good cause exists to allow the amendment. (D.N. 93; D.N. 99)

Because the February 1 deadline had passed when Burton first sought leave to amend and the Court's February 24 Order did not alter that deadline, Burton's motion must first be evaluated under Rule 16's "good cause" standard for amendment of a scheduling order, as opposed to Rule 15's lenient "freely give leave" standard for amendment of pleadings. *See Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003). According to the advisory committee's note to Rule 16, "good cause" requires a showing that the existing deadline "cannot reasonably be met despite the diligence of the party seeking the extension." Here, Burton asserts that she first learned of the basis for her new claims during depositions that took place on January 30, 2017, and that she did not receive transcripts of those depositions until the following month. (D.N. 93, PageID # 373) Burton filed her first motion seeking to add the gross-negligence claims on February 17, 2017. (D.N. 60) When that motion was denied on futility grounds because the proposed amended complaint lacked specific factual allegations (D.N. 90), Burton filed the present motion within eight days of the Court's ruling. (*See* D.N. 93) Valley Tire does not contend that Burton unduly delayed the depositions of its witnesses, nor does it dispute that the January 30 depositions provided the facts upon which Burton's proposed amendment is based; instead, it merely argues that Burton missed the February 1 deadline for amendment of pleadings. (*See* D.N. 96)

Although the Court agrees that the February 1 deadline was not extended, it finds good cause to allow the motion out of time. Burton's request to amend rests on information she did

2

not have until one day before the amendment deadline. She sought leave to amend promptly upon receiving transcripts of the January 30 depositions, and she was likewise prompt in renewing her motion with a proposed amended complaint that addressed the Court's concerns. In sum, Burton has demonstrated that the February 1 deadline for amendment of pleadings could not reasonably have been met despite her diligence. *See* Fed. R. Civ. P. 16(b)(4) advisory committee's note to 1983 amendment. Moreover, Valley Tire does not assert that it would be prejudiced by the proposed amendment, and no prejudice is apparent. *See Leary*, 349 F.3d at 909. The Court therefore deems Burton's motion timely filed.

## II. Futility of Proposed Amendment

Generally, leave to amend should be freely granted. *See* Fed R. Civ. P. 15(a)(2). Where the proposed amended complaint could not survive a Rule 12(b)(6) motion to dismiss, however, amendment is futile and need not be allowed.[2] *SFS Check, LLC v. First Bank of Del.*, 774 F.3d 351, 355 (6th Cir. 2014) (citing *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010)). In deciding a motion to dismiss under Rule 12(b)(6), the Court asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet the plausibility standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Factual allegations are essential; "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and the Court need not accept such statements as true. *Id.* A

---

[2] Valley Tire asserts that "[i]f the Court were to allow the amendment, there would be an almost immediate motion to dismiss the claim" of gross negligence. (D.N. 96, PageID # 408) Such a motion is unnecessary given the Court's analysis herein.

complaint whose "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct" does not satisfy the pleading requirements of Rule 8 and will not withstand a motion to dismiss. *Id.* at 679.

Burton alleges that Valley Tire was negligent and grossly negligent in hiring and supervising the tire technician who installed the tires—and thus is liable for punitive damages—because the technician "had a history of driving under the influence, was a brand new hire, . . . had been recently fired from a job at Walmart for fighting[, and] . . . . had not been trained in how to properly torque the bolts and nuts on the tires of a commercial vehicle" but nevertheless was assigned to change the tires on Aspas's truck. (D.N. 93-1, PageID # 380; *see id.*, PageID # 382) Valley Tire maintains that the proposed amendment is futile because "[t]his is a case of negligence[,] . . . . not a case of gross negligence." (D.N. 96, PageID # 408) It also asserts that amending the complaint to add a negligent-supervision claim would unnecessarily complicate the case and that there are no facts to support a negligent-hiring claim. (*Id.*, PageID # 406) The Court disagrees, with one exception.

### A. Negligent Hiring

Although the proposed Third Amended Complaint does not expressly allege negligent hiring, it repeatedly mentions that the Valley Tire employee in question had a history of DUI and fighting on the job. (*See* D.N. 93-1, PageID # 379-80, 383) It also asserts that Valley Tire was grossly negligent "in the staffing" of its employees. (*Id.*, PageID # 382) Moreover, Burton's reply in support of her motion for leave to amend refers to her newly added "claims of negligent hiring and supervision." (D.N. 99, PageID # 425) To the extent Burton asserts a claim of negligent hiring, the claim is not a viable one.

Under Kentucky law, an employer may be held liable for negligent hiring "when its failure to exercise ordinary care in hiring or re[ta]ining an employee creates a foreseeable risk of harm to a third person." *Pennington v. Dollar Tree Stores, Inc.*, 28 F. App'x 482, 490 (6th Cir. 2002) (quoting *Oakley v. Flor-Shin, Inc.*, 964 S.W.2d 438, 442 (Ky. Ct. App. 1998)). Nothing in Burton's proposed complaint suggests that Valley Tire could have foreseen that the employee would service a tire incorrectly based on knowledge that he had driven under the influence or been fired from a previous job for fighting; nor would such an allegation be plausible, since those incidents are entirely unrelated to the alleged negligence at issue here. Thus, to the extent Burton seeks to add a negligent-hiring claim, the Court finds that such an amendment would be futile.

B.   **Negligent Supervision**

Kentucky has adopted § 213 of the Restatement (Second) of Agency, which provides that a principal may be liable for negligence or recklessness in supervising its agent.[3] *Booker v. GTE.net LLC*, 350 F.3d 515, 517 (6th Cir. 2003) (citing *Smith v. Isaacs*, 777 S.W.2d 912 (Ky. 1989)). Valley Tire does not contend that Burton has failed to allege facts that would support such a claim; instead, it asserts that a negligent-supervision claim would be superfluous given

---

[3] Section 213 has since been superseded by Restatement (Third) of Agency § 7.05 (2006), which provides:
(1)   A principal who conducts an activity through an agent is subject to liability for harm to a third party caused by the agent's conduct if the harm was caused by the principal's negligence in selecting, training, retaining, supervising, or otherwise controlling the agent.
(2)   When a principal has a special relationship with another person, the principal owes that person a duty of reasonable care with regard to risks arising out of the relationship, including the risk that agents of the principal will harm the person with whom the principal has such a special relationship.

See *Papa John's Int'l, Inc. v. McCoy*, 244 S.W.3d 44, 51 (Ky. 2008) (noting that court had "considered with approval" tentative draft of third Restatement (citing *Patterson v. Blair*, 172 S.W.3d 361, 369 (Ky. 2005))).

5

Valley Tire's admission that its employee was negligent. (D.N. 96, PageID # 406) As Burton points out, however, the Kentucky Supreme Court has drawn a distinction between negligence claims based on vicarious liability (i.e., respondeat superior) and those based on actual liability (e.g., negligent supervision), and held that "a plaintiff may assert and pursue" both in the same action even if the employer admits vicarious liability, as Valley Tire does here. *MV Transp., Inc. v. Allgeier*, 433 S.W.3d 324, 337 (Ky. 2014). The Court will therefore allow Burton to amend her complaint to add a claim of negligent supervision.

    **C.**    **Gross Negligence/Punitive Damages**

Under Kentucky law, punitive damages are available where a defendant's conduct amounts to gross negligence—i.e., where "negligence was accompanied by wanton or reckless disregard for the lives, safety, or property of others." *Id.* at 338 (quoting *Gibson v. Fuel Transp., Inc.*, 410 S.W.3d 56, 59 (Ky. 2013)). An employer is not subject to punitive damages for its employee's actions unless the employer "authorized or ratified or should have anticipated the conduct in question." Ky. Rev. Stat. § 411.184(3). An employer should have anticipated an employee's negligence if the employee had displayed a pattern of similar behavior in the past. *See M.T.*, 3 F. Supp. 3d at 627 (citing *Ky. Farm Bureau Mut. Ins. Co. v. Troxell*, 959 S.W.2d 82, 87 (Ky. 1997)); *McGonigle v. Whitehawk*, 481 F. Supp. 2d 835, 842 (W.D. Ky. 2007); *Patterson v. Tommy Blair, Inc.*, 265 S.W.3d 241, 245 (Ky. Ct. App. 2007).

Burton alleges that the tire technician's actions were grossly negligent and should have been anticipated by Valley Tire. (*E.g.*, D.N. 93-1, PageID # 382-83) She fails to provide facts in support of these allegations, however. Although she notes that the tire technician "has stated he was surprised he had been sent out to do th[e] job" (*id.*, PageID # 380), she does not contend that he believed he was unqualified to change the tires but did it anyway, or that he knew he lacked

6

the proper tool but nevertheless proceeded. On the contrary, the proposed complaint states that the technician "used [an] air impact gun to torque the tires" as he had seen a coworker do (albeit incorrectly) and that he "was not aware that safety standards required utilizing a torque wrench." (*Id.*) And even if the technician's actions could be deemed grossly negligent, this claim would fail because Burton does not allege that Valley Tire had observed a pattern of such behavior. *See M.T.*, 3 F. Supp. 3d at 627. Thus, to the extent Burton seeks to hold Valley Tire vicariously liable for the actions of its employee, she fails to state a plausible claim of gross negligence.

Valley Tire may still be liable for gross negligence based on its own behavior, however. *See MV Transp.*, 433 S.W.3d at 337. Burton alleges that the tire technician was a new employee, "had not been trained in how to properly torque the bolts and nuts on the tires of a commercial truck," "had no background in commercial tire maintenance," and "had not received any guidance on Tire Industry Association standards." (D.N. 93-1, PageID # 383) She further asserts that the danger of "'[w]heel offs[]' such as the one that occurred in this case" is widely known. (*Id.*) From these allegations, the Court may reasonably infer that Valley Tire acted with "wanton or reckless disregard for the lives, safety, or property of others" when it assigned an untrained, unsupervised technician to service the tires of a large commercial vehicle about to embark on interstate travel.[4] *MV Transp.*, 433 S.W.3d at 338 (quoting *Gibson*, 410 S.W.3d at 59). The Court therefore finds that the proposed Third Amended Complaint asserts a plausible

---

[4] According to Valley Tire, the technician "had begun the normal training process," during which a new hire would "watch first, and then begin performing the work under the watch of a mentor/trainer employee." (D.N. 96, PageID # 407) For purposes of the *Iqbal/Twombly* analysis, however, the Court accepts Burton's well-pleaded factual allegations as true, construing the complaint in the light most favorable to her. *See Iqbal*, 556 U.S. at 678 (2009) (citing *Twombly*, 550 U.S. at 570); *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009).

claim of grossly negligent supervision and that amendment to add this claim would not be futile. *See SFS Check*, 774 F.3d at 355.

### III. Conclusion

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that Burton's motion for leave to amend (D.N. 93) is **GRANTED** in part and **DENIED** in part. Within **ten (10) days** of the date of entry of this Order, Burton may amend her complaint to add claims of negligent and grossly negligent supervision and a demand for punitive damages. Valley Tire shall respond to the amended complaint within **fourteen (14) days** thereafter. The amended complaint shall also reflect the dismissal of all parties except Burton and Valley Tire.

March 19, 2018

**David J. Hale, Judge**
**United States District Court**