UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

AUTO-OWNERS INSURANCE, et al.,                                    Plaintiffs,

v.                                                Civil Action No. 3:16-cv-189-DJH-RSE

PAUL ASPAS, et al.,                                               Defendants.

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Angela Burton was driving on an interstate highway when two tires disengaged from Paul Aspas's semi-tractor truck and collided with her car. (Docket No. 138, PageID # 870) The day before, Valley Tire Company had performed maintenance on Aspas's truck but failed to properly secure the tires. (*Id.*) After the accident, Burton experienced cervical spine pain and elected to have a cervical fusion because other forms of treatment did not eliminate her discomfort. (*Id.*, PageID # 870–73) Burton brought this negligence action seeking damages from Valley Tire for her past and future medical expenses, including her cervical fusion; past and future physical pain and suffering; future impairment; and increased risk of future complications.[1] (*Id.*, PageID # 873)

Valley Tire has filed two motions for partial summary judgment, arguing that Burton has not shown causation with respect to the cervical fusion, future medical bills, future medical treatment, future physical pain and suffering, and future impairment. (D.N. 135, PageID # 690; D.N. 136, PageID # 812) For the reasons set forth below, the Court will grant Valley Tire's first motion and grant in part and deny in part Valley Tire's second motion.

---

[1] Initially, Burton only sought relief from Aspas and his employer, Landstar Inway, Inc. (D.N. 1) Valley Tire was added as a defendant in Burton's first amended complaint after disclosures were made regarding Valley Tire's maintenance of Aspas's truck. (D.N. 19)

1

## I. BACKGROUND

In January 2014, Valley Tire changed the tires on Aspas's truck but did not properly secure the lug nuts holding the tires in place. (D.N. 135, PageID # 691) The next day, while Aspas was driving on Interstate 65, the tires detached from the truck and struck Burton's vehicle, injuring her and her passenger. (D.N. 19, PageID # 103) Valley Tire does not dispute that the accident was caused by its employee's failure to properly secure the tires. (D.N. 135)

Following the accident, Burton experienced neck, lower back, and shoulder pain. (D.N. 138, PageID # 870). She first began seeing Dr. Nathan Unterseher, a chiropractor, who treated her through March 2014. (*Id.*) Burton specifically complained of cervical spine pain. (*Id.*) Over the course of her treatments with Dr. Unterseher, Burton's condition improved, but her pain was still present. (D.N. 138-1, PageID # 923, 939)

Next, Burton sought treatment from Dr. Cary Guse, an orthopedic surgeon she saw from April 2014 through July 2014. (D.N. 138, PageID # 871) Burton reported similar discomfort to Dr. Guse but denied cervical spine pain. (D.N. 138, PageID # 871; D.N. 138-2, PageID # 948) Burton's pain continued to decrease throughout her course of treatment with Dr. Guse. (D.N. 138, PageID # 871; D.N. 138-2, PageID # 958, 959)

In October 2014, however, Burton's pain resurfaced, so she started seeing Dr. John Chambers. (D.N. 138, PageID # 871–72) Dr. Chambers concluded that her pain was consistent with cervical radiculopathy and ordered a transforaminal injection (an outpatient procedure where the patient receives a combined anesthetic and steroid shot into the nerves along the cervical spine), administered by Dr. Arman Borhan, to alleviate the pain. (*Id.*; D.N. 135-2, PageID # 768; D.N. 138–2, PageID # 961, 966) The injection did not eliminate Burton's cervical pain, and so in

January 2015, she elected to have Dr. Chambers perform an operation on the C5-C6 portion of her cervical spine (the "cervical fusion"). (D.N. 138, PageID # 872)

Following her operation, Burton filed this negligence action against Aspas and his employer, Landstar Inway, Inc. (D.N. 1) After learning through discovery of Valley Tire's maintenance of Aspas's truck, Burton added Valley Tire as a defendant. (D.N. 19) Burton later settled her claims against Aspas and Landstar. (D.N. 114) Burton now seeks damages from Valley Tire for past and future medical expenses, past and future pain and suffering, future impairment of power to labor and earn money, and increased risk of future complications as well as punitive damages. (D.N. 144)

Valley Tire then filed two motions for partial summary judgment. (D.N. 135; D.N. 136) In its first motion, Valley Tire argues that Burton has not presented evidence showing a causal link between the accident and her cervical fusion. (D.N. 135) Valley Tire's second motion contends that Burton has also failed to show causation with respect to future medical expenses, future pain and suffering, and future impairment. (D.N. 136)

## II. STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal citation omitted); *see also LaPointe v. United Autoworkers Local 600*, 8 F.3d 376, 378 (6th Cir. 1993). The movant may do so by merely showing that the nonmoving party lacks evidence to support an essential element of her case for which she has the

burden of proof. *See Celotex Corp.*, 477 U.S. at 323. The moving party is not required to support its motion with materials negating the opponent's claim. *Id.*

In deciding a motion for summary judgment, "the court must view the factual evidence and draw all reasonable inferences in favor of the nonmoving party." *Banks v. Wolfe Cty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). However, the mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient; there must be evidence upon which a jury could reasonably find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The nonmoving party "must present some affirmative evidence supporting its position to defeat an otherwise appropriate motion for summary judgment." *Tucker v. Tennessee*, 539 F.3d 526, 531 (6th Cir. 2008). If a plaintiff fails to establish the existence of any element of her claim, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 323.

### III. DISCUSSION

#### A. Valley Tire's Motions Are Not Premature

Burton first argues that Valley Tire's motions are premature because Valley Tire did not depose Burton's experts. (D.N. 138, PageID # 877; D.N. 139, PageID # 1025) However, Valley Tire's decision does not make the motions for partial summary judgment untimely. Again, the moving party has no duty to support its motion with materials negating the nonmoving party's claim. *Celotex Corp.*, 477 U.S. at 323. Although Valley Tire had the responsibility to inform the Court of the portions of the record it believed demonstrate the absence of a genuine issue of material fact, Valley Tire was not required to depose any of Burton's witnesses in order to do so. *Id.* Valley Tire supported its motions by identifying gaps in the evidence surrounding causation

of the cervical fusion and future damages. (D.N. 135; D.N. 136) Further, Burton cites no authority in support of her assertion that Valley Tire must depose her expert witnesses before seeking summary judgment. (*See* D.N. 138; D.N. 139) The Court thus will not deny Valley Tire's motions on this ground.

### B. Causation of Burton's Cervical Fusion

Valley Tire maintains that Burton has not shown that her cervical pain necessitating the cervical fusion was caused by the accident and that summary judgment is therefore warranted as to this aspect of Burton's claim. (D.N. 135)

Kentucky law governs Burton's negligence claim.[2] *See Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 566 (6th Cir. 2001). "To prevail on a negligence claim under Kentucky law, the plaintiff must prove that [1) the defendant] owed the plaintiff a duty of care, 2) the defendant breached the standard of care by which his or her duty is measured, and 3) . . . the breach was the legal causation of the consequent injury." *Hopkins v. Speedway Superamerica LLC*, No. CV 3:15-CV-834-DJH, 2017 WL 3302661, at *2 (W.D. Ky. Aug. 2, 2017) (citing *Johnson v. Wal-Mart Stores East, LP*, 169 F. Supp. 3d 700, 703 (E.D. Ky. 2016)); *Wright v. House of Imports, Inc.*, 381 S.W.3d 209, 213 (Ky. 2012). To satisfy the causation element, a plaintiff must establish causation for each element of damages sought. *Huffman v. SS. Mary & Elizabeth Hosp.*, 475 S.W.2d 631, 633 (Ky. 1972). The question, then, is whether a jury could reasonably infer from the evidence of record that the accident caused Burton's cervical pain and, consequently, her cervical fusion. *See Lacefield v. LG Elecs., Inc.*, No. CIV.A. 3:06-12-KKC, 2008 WL 544472, at *3 (E.D. Ky. Feb. 26, 2008).

---

[2] After Valley Tire filed its motions for partial summary judgment, the Court allowed Burton to amend her complaint to add a claim of gross negligence. (D.N. 144) The analysis that follows applies equally to that claim.

5

With respect to medical injuries, expert testimony is necessary to prove causation unless causation is so apparent that lay members of the jury could easily determine whether and to what extent the defendant's conduct caused the plaintiff's injuries—the so-called "layman's exception." *Hopkins*, 2017 WL 3302661, at *3. Expert testimony must show that causation is medically probable, not merely possible. *Jarboe v. Harting*, 397 S.W.2d 775, 778 (Ky. 1965).

Here, causation cannot be established through the layman's exception. The exception applies only where the cause of injury can be reasonably inferred from common knowledge. *Blair v. GEICO Gen. Ins. Co.*, 917 F. Supp. 2d 647, 658 (E.D. Ky. 2013). For example, in *Tatham v. Palmer*, 439 S.W.2d 938, 938 (Ky. 1969), the exception applied because the plaintiff, who had no history of headaches, suffered from incessant headaches following an automobile accident in which he suffered a blow to the head. Likewise, in *Hopkins*, this Court applied the layman's exception because it is common knowledge that hot liquids can burn skin and the record contained a photograph showing a burn on Hopkins's hand after he spilled coffee on himself. 2017 WL 3302661, at *3. Conversely, in *Blair*, the court held that the exception did not apply because the plaintiff had a history of neck pain prior to the accident in question; therefore, "a jur[y] could not reasonably infer from common or layman's knowledge that the accident caused [the plaintiff's] injuries." 917 F. Supp. 2d at 658.

Cervical pain can be caused by degenerative disease as well as trauma. (D.N. 135-1, PageID # 731) Burton reported some cervical pain shortly after the accident, then denied cervical pain altogether, before finally reporting cervical pain once again. (D.N. 135, PageID # 693–94; D.N. 138-1, PageID # 888; D.N. 138-2, PageID # 948) Notably, Dr. Chambers, who performed the cervical fusion, stated that he did not know if the cause of the pain was the accident or the degeneration of Burton's spine over time. (D.N. 135-1, PageID # 731) A reasonable jury thus

could not infer from common knowledge that Burton's cervical pain, and consequently her cervical fusion surgery, resulted from the accident. Burton must therefore establish causation using expert medical testimony. *See Hopkins*, 2017 WL 3302661, at *3. But the testimony Burton may use is subject to limits imposed by federal procedural law and the Federal Rules of Evidence. *Hayes*, 266 F.3d at 566; *Hopkins*, 2017 WL 3302661, at *2.

Federal Rule of Civil Procedure 26(a)(2)(B) requires that the disclosure of experts retained or specially employed to provide expert testimony be accompanied by a written report prepared and signed by the expert. For expert witnesses not required to provide a written report, Rule 26(a)(2)(C) requires the party to disclose the subject matter on which the expert will testify, as well as a summary of the facts and opinions to which the expert will testify. *Hopkins*, 2017 WL 3302661, at *2. Burton designated Dr. Unterseher, Dr. Guse, and Dr. Borhan as Rule 26(a)(2)(C) expert witnesses: they were not retained or employed to provide testimony, and no Rule 26(a)(2)(B) reports were provided. (D.N. 103) Valley Tire designated Dr. Chambers as a Rule 26(a)(2)(C) expert witness. (D.N. 140)

Rule 26(a)(2)(C) limits expert testimony to the "core" of the patient's treatment, meaning what the physician learned through actual treatment and from the plaintiff's records up to and including that treatment. *Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 871 (6th Cir. 2007); *Avendt v. Covidien Inc.*, 314 F.R.D. 547, 559 (E.D. Mich. 2016).

> Courts attempting to determine whether a physician's testimony regarding causation falls into this 'core' have considered factors such as: (1) whether the physician reached his conclusion at the time of treatment; (2) whether the opposing party would be surprised by the testimony; (3) whether the condition at issue leaves room for debate as to the specific ailment and its sources; (4) whether the physician relied upon ordinary medical training in drawing his conclusion; and (5) whether the physician will rely on tests, documents, books, videos, or other sources not relied upon during treatment.

7

*Hinkle v. Ford Motor Co.*, No. CIV. A. 3:11-24-DCR, 2013 WL 1992834, at *2 (E.D. Ky. May 13, 2013); *see also Barnes v. CSXT Transp., Inc.*, No. 3:13-CV-00525-DJH, 2017 WL 1334303, at *16 (W.D. Ky. Apr. 7, 2017) (applying *Hinkle*).

If the testimony of a Rule 26(a)(2)(C) expert goes beyond the "core," such extraneous portions typically must be excluded. *Mohney v. USA Hockey, Inc.*, 138 F. App'x 804, 811 (6th Cir. 2005). Under Rule 37(c), exclusion "is mandatory unless there is a reasonable explanation of why Rule 26 was not complied with or the mistake was harmless." *Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transp.*, 596 F.3d 357, 370 (6th Cir. 2010); *see Hinkle*, 2013 WL 1992834, at *3.

Burton fails to explain why Drs. Unterseher, Borhan, and Guse were not designated as Rule 26(a)(2)(B) experts, nor has she identified any mistake in her designation. (*See* D.N. 103; D.N. 138) As a result, the exception to Rule 37(c) is inapplicable, and the testimonies of Dr. Unterseher, Dr. Borhan, and Dr. Guse and must be limited to the "core" of Burton's treatment. Dr. Chambers's testimony is likewise restricted, even though only Valley Tire will be using Dr. Chambers as an expert witness. (*See* D.N. 129)

Further, the testimonies of Burton's doctors must "have a reliable basis in the knowledge and experience of [their] discipline." *Avendt*, 314 F.R.D. at 561. (citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 590 (1993)). Under *Daubert*, the Court considers "(1) whether the reasoning or methodology underlying the expert's testimony is scientifically valid; and (2) whether that reasoning or methodology properly could be applied to the facts at issue to aid the trier of fact." *United States v. Smithers*, 212 F.3d 306, 315 (6th Cir. 2000). This requires the Court to determine "whether the experts' testimony reflects 'scientific knowledge,' whether their findings are 'derived by the scientific method,' and whether their work product amounts to 'good science.'"

*Stallings v. Georgia-Pac. Corp.*, No. 3:12-CV-724-DJH, 2015 WL 7258518, at *3 (W.D. Ky. Nov. 17, 2015) (citing *Smelser v. Norfolk S. Ry.*, 105 F.3d 299, 303 (6th Cir. 1997)). "No matter how good experts' credentials may be, they are not permitted to speculate." *Tamraz v. Lincoln Elec. Co.*, 620 F.3d 665, 671 (6th Cir. 2010).

Even viewed in the light most favorable to Burton, the expected testimony of Burton's doctors does not show that it is medically probable that her cervical fusion is causally linked to the accident. Dr. Unterseher, a chiropractor, was the first to see Burton after her accident. (D.N. 103-1, PageID # 439) He will testify that traumatic events, rather than degenerative changes, typically cause cervical discomfort like what Burton experienced and that he believes the accident is the cause of Burton's cervical pain. (*Id.*) Dr. Unterseher bases his opinions on two sources of information. (*Id.*, PageID # 439–40) First, he relies on Burton's statements: Burton told him that her cervical pain did not start until after the accident. (*Id.*, PageID # 439). This testimony is not barred by Rule 26(a)(2)(C), as it was learned through actual treatment; Dr. Unterseher's records show that Burton reported cervical pain. (D.N. 103, PageID # 439; D.N. 138-1, PageID # 888) *See Fielden*, 482 F.3d at 871. Second, Dr. Unterseher bases his opinion on published scientific literature. (D.N. 103, PageID # 440) Such literature is well outside the "core" of Burton's treatment; it was not learned in connection with treating Burton or from her records. (*Id.*, PageID # 8) This part of Dr. Unterseher's testimony, then, must be excluded. *Bessemer & Lake Erie R.R. Co.*, 596 F.3d at 370.

Consequently, Dr. Unterseher's testimony on causation is limited to what Burton told him; Dr. Unterseher did not examine Burton prior to her accident and only reviewed post-accident MRIs of Burton's spine. (D.N. 130, PageID # 439–40) Medical testimony regarding causation based only on the patient's word is insufficient to establish that the alleged cause of injury is medically

9

probable. *See Lacefield*, 2008 WL 544472, at *4-5 (finding that a physician's testimony regarding causation of plaintiff's injury, based on conversations with and observations of the plaintiff, did not show the alleged cause was medically probable). Dr. Unterseher's opinion thus does not prove that it is medically probable Burton's cervical pain and subsequent cervical fusion were caused by the accident. *See Id.*

The testimony of Dr. Guse is similarly inadequate. (*See* D.N. 138, PageID # 871; D.N. 142, PageID # 1075) Dr. Guse will testify that the other injuries Burton incurred in the accident and the related treatment caused Burton to develop cervical pain after his treatments of her ended. (D.N. 103, PageID # 438) However, Dr. Guse may only testify about what he learned while, and in connection with, treating Burton. *See Fielden*, 482 F.3d at 871. The medical records provided by Dr. Guse show that during the period he treated her, Burton denied cervical pain and her other injuries improved. (D.N. 138, PageID # 870) Dr. Guse did not treat Burton for cervical pain during her treatment period and there is no record of Dr. Guse and Burton even discussing cervical pain, other than the notation in Dr. Guse's records that Burton had none. (D.N. 138-2, PageID # 948) Therefore, any conclusions Dr. Guse draws regarding the causation of Burton's cervical fusion exceed the "core" of Burton's treatment, as they could only have been formed after her treatment ended. At the time of treatment, Dr. Guse could not have determined the cause of an injury Burton had yet to develop. *Fielden*, 482 F.3d at 871; *see also Hinkle*, 2013 WL 1992834, at *2 (explaining that courts should consider whether the physician reached his conclusion about causation at the time of treatment in determining if a physician's testimony is within the core). Reduced to the core of Burton's treatment, Dr. Guse's opinion does not demonstrate that it is medically probable the accident is causally linked to Burton's cervical fusion.

Likewise, the deposition of Dr. Chambers does not show causation with respect to Burton's cervical pain and subsequent cervical fusion. (D.N. 135-1; D.N. 138-2) Dr. Chambers specifically stated that he could not, based on his treatment of Burton, conclude what caused her cervical pain and that his only basis for believing the accident was the cause is Burton's word. (D.N. 135-1, PageID # 724, 731) Clearly, then, Dr. Chambers's testimony cannot demonstrate that the cervical fusion resulted from the accident.

The proposed testimony of Dr. Borhan suffers from similar shortcomings. Burton's expert-witness disclosure does not say that Dr. Borhan will give an opinion on the cause of her cervical pain. (D.N. 103, PageID # 436) She only claims that Dr. Borhan will testify that she came to see him ten months after the accident for "neck and shoulder blade pain with radiation into the right upper arm and right lower arm." (*Id.*) In his deposition, Dr. Borhan opined as to the *existence* of Burton's cervical pain but not as to the *cause*; he merely said that Burton's pain was "self-reported . . . after the accident." (*Id.*, at 436; D.N. 135-2, PageID # 778) Though these statements are limited to what "[Dr. Borhan] learned through actual treatment and from the plaintiff's records up to and including that treatment," Dr. Borhan's testimony obviously does not show that it is medically probable the accident caused Burton's cervical pain because Dr. Borhan never expressed an opinion on causation. *Fielden*, 482 F.3d at 871. And even if Dr. Borhan had opined as to the cause of Burton's cervical pain, his deposition makes clear that any such opinion would only be based on Burton's statement that the pain started after the accident. (D.N. 135-2, PageID # 778). Dr. Borhan's testimony therefore falls short of establishing that the accident caused Burton's cervical fusion.

Because the testimony of Burton's medical experts does not provide sufficient evidence to allow a reasonable jury to infer the cause of Burton's cervical pain, and the layman's exception

does not apply, Burton has not shown that her cervical pain, and consequently her cervical fusion, was caused by the accident. There is, therefore, no genuine issue of material fact, and the Court will grant Valley Tire's first motion for partial summary judgment. *See Celotex Corp.*, 477 U.S. at 323.

### C. Causation of Future Medical Expenses, Future Pain and Suffering, and Future Impairment

Valley Tire's second motion asks the Court to grant summary judgment as to Burton's future medical expenses, future pain and suffering, and future impairment. (D.N. 136) As discussed above, Burton must establish causation for each component of damages sought. *Huffman*, 475 S.W.2d at 633.

#### 1. Future Medical Expenses

To prove causation with respect to future medical expenses, a plaintiff must present "positive and satisfactory" evidence that is more than speculation. *Highley v. 21st Century Ins. Co.*, No. 5:17-CV-213-CHB, 2018 WL 3762978, at *3 (E.D. Ky. Aug. 8, 2018); *Howard v. Barr*, 114 F. Supp. 48, 50 (W.D. Ky. 1953). This typically requires expert medical testimony. *Holbrook v. Dollar Gen. Store Corp.*, No. 2012-CA-001794-MR, 2014 WL 4049891, at *9 (Ky. Ct. App. Aug. 15, 2014); *see also Goodyear Tire & Rubber Co. v. Thompson*, 11 S.W.3d 575, 578 (Ky. 2000). Yet even where a plaintiff presents expert medical testimony, evidence that injuries "might" cause future medical expenses is not enough to satisfy the "positive and satisfactory" requirement. *Consol. Coach Corp. v. Eckler*, 58 S.W.2d 582, 584 (Ky. 1933).

The record does not support a finding of causation with respect to future medical expenses here. Burton's expert-witness disclosure does not address future medical expenses or future treatments. (D.N. 103) Dr. Chambers stated that he was unsure whether Burton would need future medical treatment, but that she was recovering well after her cervical fusion. (D.N. 135-1, PageID

# 730) Likewise, Dr. Borhan stated that Burton's recovery was "going in the right direction" and that he had no idea if Burton would need any future treatment. (D.N. 135-2, PageID # 780) Additionally, Dr. Borhan's records show Burton's pain decreasing, and he stated that Burton did not return for pain management or further treatment. (*Id.*) No evidence has been presented with respect to opinions on future medical expenses from Dr. Unterseher or Dr. Guse. (D.N. 138-1; D.N. 138-2) Significantly, Burton stated in her deposition that she does not have plans for future treatment. (D.N. 139-1, PageID # 1046) In sum, the record lacks the necessary "positive and satisfactory" evidence showing causation of future medical expenses. *Howard*, 114 F. Supp. at 50.

After Valley Tire filed its motion for partial summary judgment, Burton sought leave to amend her expert disclosure to include support for future medical expenses, future pain and suffering, and future impairment. (D.N. 139, PageID # 1026–27) A party may amend a disclosure required under Rule 26(a) if the errors sought to be corrected were harmless or substantially justified. Fed. R. Civ. P. 37(c). The Sixth Circuit has identified the following five factors to consider in determining whether a party's error was harmless: (1) the surprise to Valley Tire, the party against whom the evidence would be offered; (2) the ability of Valley Tire to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) Burton's explanation for its failure to disclose the evidence. *Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015). Here, factors one, two, and five weigh against Burton. As maintained by Valley Tire, it is surprising that Burton would have these experts testify about her future medical expenses, future pain and suffering, or future impairment, because none of them have examined her in four years. (D.N. 141, PageID # 1068) And as noted above, to the extent they have addressed it previously, Burton's doctors testified that they did not know whether she

would need future treatment.  (D.N. 135-1, PageID # 730; D.N. 135-2, PageID # 780)  Additionally, it would be difficult for Valley Tire to add its own experts to contest Burton's expert testimonies, because discovery has closed.  (*Id.*)  And Burton does not explain her failure to disclose this evidence; rather, she simply states that the omission was harmless.  (D.N. 139, PageID # 1026–27)  Although factors three and four favor Burton—allowing her to amend will not disrupt trial, as no trial date has been set, and the evidence is essential to proving her claims for future damages—Burton's failure to account for her omission, and the burden such an amendment would place on Valley Tire outweigh the factors favoring amendment.  (D.N. 139, PageID # 1027)

Moreover, Burton only seeks to amend her expert-witness disclosure to add descriptions of her experts' opinions as to future damages; she did not ask to amend so that she could provide the expert reports required by Rule 26(a)(2)(B).  (D.N. 139, PageID # 1026)  Accordingly, even if the Court permitted Burton to amend, the revision would be futile, as any testimony by Drs. Unterseher, Guse, Chambers, or Borhan regarding future damages would be outside the "core" of Burton's treatment.  *See Fielden*, 482 F.3d at 871.  None of these experts have seen Burton in four years, and at the close of their treatment periods, each of them noted that Burton's pain was improving.  (D.N. 135-2, PageID # 776–77; D.N. 138-1, PageID # 914; D.N. 138-2 PageID # 952, 958, 969)  Consequently, any opinions they might offer about Burton's future medical expenses, future pain and suffering, or future impairment could not be based on what they "learned through actual treatment [or] from the plaintiff's records up to and including that treatment." *Fielden*, 482 F.3d at 871.  The Court will not permit Burton to amend her expert-witness disclosure.  And as the record does not support a finding of causation, the Court will grant Valley Tire's motion for partial summary judgment with respect to future medical expenses.

### 2. Future Pain and Suffering

Unlike future medical expenses, medical testimony is not required to prove causation of future pain and suffering. *Holbrook*, 2014 WL 4049891, at *9. Rather, Burton may simply provide evidence establishing that future pain and suffering is reasonably likely to occur. *May v. Holzknecht*, 320 S.W.3d 123, 128 (Ky. Ct. App. 2010).

Burton testified at her deposition that she experiences constant arm and back pain and that while the pain is controllable, it is not something that will ever go away. (D.N. 139-1, PageID # 1042) Her testimony is the only evidence of future pain and suffering in the record; none of the expert witnesses have given opinions on this issue, and Burton did not disclose that any of her experts will do so. (D.N. 103; D.N. 135-1, D.N. 135-2; D.N. 138-1; D.N. 138-2) Valley Tire argues that Burton's testimony is inadequate because Burton's future suffering is not obvious. (D.N. 141, PageID # 1064–65 (citing *May*, 320 S.W.3d 123 (Ky. Ct. App. 2010)) But "the test is simply whether there is evidence to suggest that the plaintiff's pain and suffering are likely to continue." *Wesley v. Rigney*, No. CV 10-51-DLB-JGW, 2016 WL 853505, at *13-14 (E.D. Ky. Mar. 3, 2016) (applying *May* to find that plaintiff's testimony regarding his ongoing fear and nightmares was sufficient to establish that such suffering would continue). Burton's testimony satisfies this test. Accordingly, the Court will deny Valley Tire's motion for partial summary judgment as to future pain and suffering.

### 3. Future Impairment

While medical testimony is not explicitly required to prove causation of future impairment, it is implicitly required. *Napier v. Cincinnati Ins. Co.*, No. CV 14-171-GFVT, 2015 WL 6478871, at *4 (E.D. Ky. Oct. 27, 2015). To demonstrate future impairment of earning power, a plaintiff must show with reasonable probability that the injury sustained is permanent. *Reece v. Nationwide*

*Mut. Ins. Co.*, 217 S.W.3d 226, 230 (Ky. 2007). As explained in *Reece*, "specific expert witness testimony on permanent impairment of earning power is helpful and often persuasive, [but] it is not necessary." *Id.* at 230. However, medical testimony is required to prove that an injury is permanent. *Neben v. Lowe's Home Ctr., Inc.*, No. CIV. A. 304CV-485-H, 2005 WL 2620592, at *2 (W.D. Ky. Oct. 12, 2005); *Consol. Coach Corp.*, 58 S.W.2d at 584. *Reece* did not hold "that a claim can survive summary judgment in the absence of any expert testimony regarding the *permanence of the injury*." *Napier*, 2015 WL 6478871, at *4. In fact, the *Reece* court relied on expert medical testimony to reach the conclusion that the plaintiff had demonstrated a reasonable probability of a permanent injury. 217 S.W.3d at 231.

Here, there is no evidence showing that Burton's injury is permanent. Burton's expert-witness disclosure and the depositions of those experts do not include opinions regarding the expected duration of her injuries. (D.N. 103; D.N. 135-1, D.N. 135-2; D.N. 138-1; D.N. 138-2) Nor did Burton testify regarding "whether those injuries will prove to be permanent." *Napier*, 2015 WL 6478871, at *4. (*See* D.N. 139-1) For the reasons stated previously, the Court will not permit Burton to amend her witness disclosure under Rule 37(c) to include such opinions. *See supra* III.C.1. The Court will grant Valley Tire's motion as to future impairment.

IV. **CONCLUSION**

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) Valley Tire's first motion for partial summary judgment (D.N. 135) is **GRANTED**.

(2) Valley Tire's second motion for partial summary judgment (D.N. 136) is **GRANTED** in part and **DENIED** in part. The motion is **GRANTED** as to Burton's claims

16

relating to future medical bills, future medical treatment, and future impairment of labor and earning power. The motion is **DENIED** as to Burton's claim for future physical pain and suffering.

(3) Pursuant to 28 U.S.C. § 636(b)(1)(A), this matter is **REFERRED** to Magistrate Judge Regina S. Edwards for a status conference to set a trial date and pretrial deadlines.

September 27, 2018

**David J. Hale, Judge**
**United States District Court**